MITCHELL v. McHENRY ET AL.

1. **Promissory Note:** CHANGE OF TIME OF PAYMENT: STATUTE OF LIM-
ITATIONS. Where one of the makers of a note, several months after its
execution, with the oral consent of his co-makers, made and signed an
indorsement on the back of the note, whereby it was to become due at a
date earlier than that named on its face, *held* that the indorsement was
the act only of him who made it, and that the co-makers who consented
to his making it did not become parties thereto in such sense as to cause
the statute of limitations to run against the note, as to them, from the
date named in the indorsement.

*Appeal from Crawford District Court.*

MONDAY, DECEMBER 10.

ACTION upon a promissory note for $500, signed by the
defendants, Morris McHenry, Hugh McWilliams, R. Hef-
felfinger and H. C. Laub. The note was made payable Sep-
tember 1, 1873. The action was commenced December 27,
1882. The defendants pleaded that the note was barred by
the statute of limitations, except as to $100, setting out a cer-
tain agreement by which they averred that the time of pay-
ment was changed, and made earlier than by the terms of the
note, except as to $100. There was a trial to a jury, and ver-
dict and judgment were rendered for the plaintiff for $161.65
only, and he appeals.

*Glass & Hughes* and *Garrison & Roberts,* for appellants.

*Connor & Shaw,* for appellees.

ADAMS, J.—The note was executed October 20, 1868. In
February, 1869, one of the defendants, Morris McHenry,
made a writing upon the back of the note in these words:
" It is understood and agreed that $200 of this note are to be
paid in 1869, and $100 in each year thereafter.
                              "Signed, MORRIS McHENRY."
All the defendants, including those who did not sign this

writing, now set up the same as being binding upon all, and causing the note to so mature, (except as to $100,) as that the same (except as to $100) is now barred by the statute of limitations. The defendants other than McHenry seek to connect themselves with the writing by an averment in their answer in these words: "He (McHenry) executed said agreement with the knowledge and consent of all the defendants in this action." The plaintiff filed a reply, admitting that McHenry made the written agreement set out, and that the other defendants knew of his making it, and consented to it; but denied that the agreement is the contract of any of the defendants except McHenry. Upon the issues thus made, the case was submitted without evidence, and the court gave an instruction in these words: "I am of the opinion that the legal effect of the writing on the back of the note (the same being there as admitted with the knowledge and consent of the defendants) was to modify the contract as to the time when the money contracted to be paid was to be paid." The court further instructed, in substance, that two of the defendants were liable for only $100 and interest, and that the other two were liable only for that amount, unless the jury should find that the latter had revived their liability by a promise in writing. The ruling of the court is assigned as error.

If this indorsement had been written upon the note at the time it was executed, it might perhaps be taken as a part of the original contract, and all the signers of the note be taken as parties to it, because a part of the original contract. But the indorsement was made several months after the execution of the note. If the defendants other than McHenry became parties to it, they did so by reason of the fact admitted in the plaintiff's reply, that they knew of McHenry's making the writing, and consented to his making the same.

The agreement, as it appears in writing, is of course the agreement only of McHenry. It does not even show that there was an intention that it should be signed by any one but him. The most that can be said is that, so far as the

body of it is concerned, it might have been drawn with the intention that it should be signed by the others. But, whatever we might think of it in this respect, we do not think the instruction can be sustained. The consent admitted by the reply, it appears to us, did not go further than that McHenry should do what he did, and that is, make the indorsement precisely as it appears; and that, as we have seen, construed by its own terms, cannot bind any one but McHenry. It is true that McHenry did not need the others' consent to enable him to make such indorsement; but we can conceive that that was all that he asked, and all that they gave, and that they gave it for the reason that they did not regard themselves as affected by it.

Besides, it appears to us that, where a person has nothing to do with a writing except to verbally consent to it, he cannot be regarded as making himself a party to it. His verbal consent might amount to an agreement, but it would be a verbal agreement, and not a written one. It may be that the defendants other than McHenry made a verbal agreement, but they do not so aver, nor does the instruction proceed upon such theory. In our opinion the judgment must be

REVERSED.